UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| Michael D. McCray, | ) | C/A No. 6:25-cv-4027-TMC-WSB |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **REPORT AND RECOMMENDATION** |
| | ) | |
| Jackie Earle, Katherine Malone, Greenville County Schools, | ) ) | |
| | ) | |
| Defendants. | ) ) | |

This is an action filed under 42 U.S.C. § 1983 by a *pro se* litigant. Under the provisions of 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B) (D.S.C.), the undersigned United States Magistrate Judge is authorized to review all pretrial matters in this action and submit findings and recommendations to the district court. For the reasons below, this action should be dismissed pursuant to Rule 41(b) of the Federal Rules of Civil Procedure for failure to prosecute.

**BACKGROUND**

Plaintiff commenced this action by filing a Complaint in the Greenville County Court of Common Pleas at case number 2025-cp-23-2263. ECF No. 1-1. On May 14, 2025, Defendants removed the action to this Court. ECF No. 1. On June 9, 2024, Plaintiff filed an Amended Complaint. ECF No. 14.

On June 26, 2025, Defendants filed a Motion to Dismiss. ECF No. 18. On June 27, 2025, the Court issued an Order pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975) (a "*Roseboro* Order"), advising Plaintiff of the need for him to file an adequate response to the Motion to Dismiss and that if he failed to respond adequately, Defendant's Motion may be granted,

1

thereby ending this case. ECF No. 19. The *Roseboro* Order directed that Plaintiff's response to the Motion to Dismiss was due by July 28, 2025. *Id*. Plaintiff did not file a response to the Motion to Dismiss by the July 28, 2025, deadline. Accordingly, by Order dated September 24, 2025, Plaintiff was provided an additional opportunity to file a response. ECF No. 22. That Order provided as follows:

> Plaintiff shall have through **October 14, 2025**, to file a response to Defendants' Motion. Plaintiff is advised that if he fails to respond, the undersigned will recommend that the district court dismiss this case pursuant to Federal Rule of Civil Procedure 41(b) for failure to prosecute, and the dismissal will be considered an adjudication on the merits, i.e., *with prejudice*.

*Id*. at 1–2. As of the date of this Report and Recommendation, Plaintiff has not responded to the Court's Order and has not filed any response to Defendants' Motion to Dismiss.

## ANALYSIS

It appears to the Court that Plaintiff has abandoned this matter. This case is therefore subject to dismissal for failure to prosecute pursuant to Rule 41(b) of the Federal Rules of Civil Procedure. None of the Court's Orders noted above have been returned as undeliverable and so Plaintiff is presumed to have received the Orders.

"The Federal Rules of Civil Procedure recognize that courts must have the authority to control litigation before them, and this authority includes the power to order dismissal of an action for failure to comply with court orders." *Ballard v. Carlson*, 882 F.2d 93, 95 (4th Cir. 1989) (citing Fed. R. Civ. P. 41(b)). "Federal courts possess an inherent authority to dismiss cases with prejudice sua sponte." *Gantt v. Md. Div. of Corr.*, 894 F. Supp. 226, 229 (D. Md. 1995) (citing *Link v. Wabash R. Co.*, 370 U.S. 626 (1962); *White v. Raymark Indus.*, 783 F.2d 1175 (4th Cir. 1986); *Zaczek v. Fauquier Cnty.*, 764 F. Supp. 1071, 1074 (E.D. Va.1991)).

2

The United States Court of Appeals for the Fourth Circuit, in *Davis v. Williams*, recognizing that dismissal with prejudice is a harsh sanction that should not be invoked lightly, set forth four factors for determining whether Rule 41(b) dismissal is appropriate:

    (1) the degree of personal responsibility on the part of the plaintiff;

    (2) the amount of prejudice to the defendant caused by the delay;

    (3) the presence or absence of a drawn out history of deliberately proceeding in a dilatory fashion; and

    (4) the effectiveness of sanctions less drastic than dismissal.

588 F.2d 69, 70 (4th Cir. 1978). The Fourth Circuit has also noted that "the four factors . . . are not a rigid four-pronged test," and whether to dismiss depends on the particular circumstances of the case. *Ballard*, 882 F.2d at 95. For example, in *Ballard*, the court reasoned that "the Magistrate's explicit warning that a recommendation of dismissal would result from failure to obey his order is a critical fact that distinguishes this case from those cited by appellant. . . . In view of the warning, the district court had little alternative to dismissal. Any other course would have placed the credibility of the court in doubt and invited abuse." *Id.* at 95–96.

At this point, Plaintiff has allowed multiple deadlines to pass without filing any responses. Because Plaintiff is proceeding *pro se*, he is personally responsible for this failure. In this Court's *Roseboro* Order dated June 27, 2025, the Court clearly stated that if Plaintiff failed respond adequately to the Motion to Dismiss, "**the court may grant the defendant's motion, which may end your case**." ECF No. 19 at 1 (emphasis in original). Plaintiff was also warned in this Court's Order dated September 24, 2025, that the case would be recommended for dismissal pursuant to Rule 41(b) if Plaintiff failed to file a response to Defendants' Motion to Dismiss. ECF No. 22. Because Plaintiff did not file a response to the Court's Orders and has failed to file a Response in

3

Opposition to Defendant's Motion Dismiss, it appears to the Court that Plaintiff wishes to abandon his case. As Plaintiff has already ignored multiple Court Orders and deadlines, the Court concludes that action less drastic than dismissal would not be effective.

## **RECOMMENDATION**

Based on the foregoing, **IT IS RECOMMENDED** that this case be dismissed, with prejudice, for lack of prosecution under Rule 41(b).[1] *See Davis v. Williams*, 588 F.2d 69, 70 (4th Cir. 1978); Fed. R. Civ. P. 41(b).

**IT IS SO RECOMMENDED**.

s/William S. Brown
United States Magistrate Judge

October 21, 2025
Greenville, South Carolina

*The parties are directed to the important notice on the next page.*

---

[1] The undersigned issued an Order instructing Plaintiff to file an amended complaint after conducting an initial screening of the original Complaint filed in this action. ECF No. 8. Plaintiff filed an Amended Complaint that purports to cure the deficiencies identified in the Court's Order. ECF No. 14. However, Defendants filed a Motion to Dismiss the Amended Complaint on the merits under Rule 12(b)(6). ECF No. 18. If Plaintiff makes an appearance in response to this Report and Recommendation and the district court determines that dismissal under Rule 41(b) is not warranted, the case should be referred to the undersigned for evaluation of Defendants' Rule 12(b)(6) Motion on the merits.

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within **fourteen (14) days** of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 250 East North Street, Suite 2300
> Greenville, South Carolina 29601

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).